SO ORDERED: February 05, 2007.

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 01-80081-FJO |
| HEARTLAND STEEL, INC., | ) |
| | ) |
| Debtor. | ) |
| | ) |
| MARGARET M. GOOD, Liquidation | ) |
| Agent For The Debtor, | ) ADVERSARY PROCEEDING NO. 05-08018 |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| SIEMENS ENERGY & | ) |
| AUTOMATION, INC., | ) |
| | ) |
| Defendant. | ) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON**
**MOTION FOR SUMMARY JUDGEMENT FILED BY PLAINTIFF**

This matter came before the Court pursuant to the filing of the motion for summary

judgment by Plaintiff Margaret M. Good, as Liquidation Agent for the Debtor, Heartland Steel,

Inc. ("Heartland") to determine the validity and priority of the mechanic's lien of the Defendant Siemens Energy & Automation, Inc. ("Siemens").

The Court held a hearing on this matter. It is now fully briefed and ready for the Court's consideration on the issue of summary judgment.

The Court should grant a summary judgment only if the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The issue for the Court to consider is whether a reasonable jury might rule in favor of the non-moving party based on the evidence in the record. *Anderson,* 477 U.S. at 252; *Sybron Transition Corp. v. Security Ins. Co. of Hartford,* 107 F.3d 1250, 1255 (7th Cir. 1997).

The dispositive issue before the Court is what is the effect of the Lien Waiver provision in the Contract as it applies to the property owned by Heartland and did that provision prohibit Siemens from filing a mechanic's lien on Heartland's property.

Siemens contends that the term "Buyer" is defined in the Contract to be Kvaerner succeeded by Voest-Alpine Industries, Inc. ("Voest"), not Heartland. Heartland asserts that it is the third party beneficiary of the Contract and therefore can enforce the Contract provisions.

The Court now makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Siemens entered into a written contract with Kvaerner Metals, Inc. ("Kvaerner") (Contract C43831), to deliver and install certain equipment for Heartland.

2. Contract C43831 was originally a contract between Kvaerner and Siemens. During the course of the contract, Voest-Alpine Industries, Inc. ("Voest") became a successor in

interest to Kvaerner's interest in the contract. Heartland was a signatory party to Contract C43831.

3. Under Section 3.8 of Contract C43831, Siemens (as Seller) and Kvaerner (as Buyer) agreed that Heartland (as Owner) was a third party beneficiary of Contract C43831. Pursuant to the terms of the Contract, Siemens agreed that the rights under the contract "shall inure to the benefit of [Kvaerner] and [Heartland] and that [Kvaerner], [Heartland] or both shall have the right to enforce the terms of this contract."

4. Contract C43831 contained a provision under which Siemens waived any right to assert a mechanic's lien under the Contract (the "Lien Waiver"). The Lien Waiver clause states in pertinent part that:

> As part of the consideration for this contract, Seller expressly disclaims any right to have or file a mechanic's lien or any other lien, security interest or other right or encumbrance of any nature (including rights of reclamation and restitution) whether pursuant to contract or applicable law (including common law and principles of equity) (herein, "Lien") with respect to any property of Buyer, arising out of its entry into or performance of this contract, or otherwise.

(Contract ¶ 28.0.)

5. Siemens continued its work under the Contract up to approximately January, 2001 after which time it filed its mechanics lien.

6. To the extent that any finding of fact set forth hereinabove shall be considered or construed to be a conclusion of law, it is incorporated herein by reference. To the extent any conclusion of law set forth herein below shall be considered or construed to be a finding of fact, it is incorporated herein by reference.

3

## CONCLUSIONS OF LAW

The Contract describes Kvaerner (succeeded by Voest) as the "Buyer", however Heartland was a signatory party to Contract which gave Heartland, as a third party beneficiary, all the rights and benefits the Contract gave to the defined "Buyer,":

> Seller and Buyer agree that Owner is a third party beneficiary of this Contract between Buyer and Seller…. Seller agrees that the rights of this Contract shall inure to the benefit of Buyer and Owner and that Buyer, Owner or both shall have the right to enforce the terms of this Contract.
> (Contract ¶ 3.8)

The Lien Waiver clause as it relates to mechanic's liens only has meaning in relation to the real property on which Siemens was to perform work under the Contract; which can only be the real property of Heartland. It was Heartland's property that Siemens was to perform the work pursuant to the terms of the Contract. The Lien Waiver clause is rendered meaningless if the terms "Buyer" and "property of Buyer" are taken literally and the Third Party Beneficiary clause is ignored, because the Contract plainly did not contemplate that Siemens would ever perform any work on Voest's real property that could form the basis for a Siemens mechanic's lien.

No contract term should be rendered ineffective or meaningless. *See Orthodontic Affiliates, P.C. v. Long,* 841 N.E.2d 219, 222 (Ind. Ct. App. 2006) ("The contract is to be read as a whole and we will construe the language in a contract so as not to render any words, phrases, or terms ineffective or meaningless."). Contract terms must be harmonized with other terms of the contract so that the entire document may be read as a whole. *See Indianapolis-Marion County Public Library v. Shook, LLC,* 835 N.E.2d 533, 542 (Ind. Ct. App. 2005) (holding that "the contract should be read as a whole, and its terms should be interpreted to the extent that the provisions can be harmonized.").

4

The two contract terms can be harmonized if the Lien Waiver clause is read in harmony with the Third Party Beneficiary clause. Under this reading, Siemens relinquished any right to assert a mechanic's lien against the only real property contemplated by Contract C43831 – Heartland's real property; the only real property on which Siemens was to perform any lienable work under the Contract. *See, Thomas v. Hennes,* 135 N.E. 392, 394 (Ind. App. 1922). ("It is a settled rule of law that where one construction of a contract would make it unusual or extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, just and fair, the latter construction must prevail.").

Because Siemens claims that the totality of its mechanic's lien relates to or arises under amounts claimed to be due for materials or labor provided under Contract C43831, the lien is declared invalid and unenforceable as a consequence of the Lien Waiver and Siemens relinquished any right to assert the mechanic's lien.

Based upon the foregoing , the Court concludes that Siemens' mechanic's lien is invalid. The amount claimed by Siemens with respect to its mechanic's lien shall be, and hereby is, reclassified under the terms of the Confirmed Plan, as a Class 8 General Unsecured Claim.

The Court will enter judgment by separate entry setting out that the secured claim of Siemens Energy and Automation, Inc. is rejected and Siemens shall not be entitled to share in any distributions reserved for claimants holding valid mechanics' lien claims in the confirmed Chapter 11 Plan of Liquidation in the above captioned case.

###